IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT SWEDRON, JR,

    Plaintiff,

v.

BADEN BOROUGH, BADEN POLICE DEPARTMENT, OFFICER JEFFREY D. OLSON, OFFICER JACK SPENCER, CHIEF DANIEL COLAIZZI, and MARY SWEDRON,

    Defendants.

08cv1095
**Electronically Filed**

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' PARTIAL MOTIONS TO DISMISS

**I.  Introduction and Factual Background.**

Pursuant to the agreement of the parties following an informal supplemental case management discussion with the Court's law clerk (see Minute Entry for September 15, 2008), plaintiff Robert Swedron, Jr. filed a Second Amended Complaint, which mooted the municipal defendants' then pending motion to dismiss (doc. no. 18).[1]  Accordingly, the Court entered an Order (doc. no. 29) denying that motion to dismiss the initial Amended Complaint as moot.

Plaintiff thereafter timely filed his Second Amended Complaint (doc. no. 30) against Baden Borough, Baden Borough Police Officer Jerry D. Olson, Baden Borough Police Officer Jack Spencer, Baden Borough Police Chief Daniel Colaizzi, and Mary Swedron.[2]  Plaintiff's

---

[1] That motion to dismiss was filed on behalf of all defendants but for Mary Swedron, plaintiff's estranged wife, who is a private citizen.

[2] Plaintiff's Second Amended Complaint has dropped any claims against the Baden Police Department, a sub-unit of Baden Borough having no separate legal existence for section 1983 purposes.

Second Amended Complaint seeks damages arising from the "deprivation of rights secured by the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §1983, and Pennsylvania common law . . . [based on alleged] tortious and unconstitutional conduct, policies, acts, and omissions occurring from November 11, 2007 through the present[, and] . . . is brought against the individual municipal police officer defendants in both their official and individual capacities." Second Amended Complaint ¶¶ 1-2. Plaintiff alleges that he complained to the Baden Police Chief, Daniel Colaizzi, about police harassment stemming from Officer Olson's alleged romantic involvement with plaintiff's wife, defendant Mary Swedron, and that not only did the chief do nothing to stop the harassment, it actually grew worse, culminating with his arrest by Officer Spencer on February 14, 2008 on charges of child abuse, which were without probable cause and were dismissed as unfounded.

In plaintiff's own words, the "gravamen of Plaintiff's Second Amended Complaint is that he was subjected to a false arrest and malicious prosecution, which violated his rights under the First (retaliation for complaining about police harassment) and Fourth Amendments." Plaintiff's Memorandum in Opposition to Defendants' Partial Motions to Dismiss (doc. no. 44) at 4. Specifically, the Second Amended Complaint states the following causes of action: Count I: "VIOLATION OF CONSTITUTIONAL RIGHTS - Defendants: Officers Olson and Spencer in Both Their Official and Individual Capacity (Claim for Compensatory Damages)"; Count II: "VIOLATION OF CONSTITUTIONAL RIGHTS - Defendants: Officers Olson and Spencer in Their Individual Capacities Only (Claim for Punitive Damages)"; Count III: "VIOLATION OF CONSTITUTIONAL RIGHTS - Defendant: Borough of Baden and Chief Colaizzi (Claim for Compensatory Damages)"; Count IV: "CONSPIRACY TO VIOLATE CIVIL RIGHTS -

Defendants: Officer Olson, Officer Spencer, and Mary Swedron (Claim for Compensatory Damages)"; Count V: "INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - Defendants: Officers Olson and Spencer (Claim for Compensatory Damages)"; Count VI: "MALICIOUS PROSECUTION - Defendants: Officer Olson, Officer Spencer, and Mary Swedron (Claim for Compensatory and Punitive Damages)."

Defendant Swedron has filed an answer to the Second Amended Complaint; Baden Borough, Officer Spencer and Chief Colaizzi filed a Motion to Dismiss in Part Pursuant to Rule 12(b)(6) Filed in Response to Plaintiff's Second Amended Complaint (doc. no. 32), and Officer Olson filed a separate Motion to Dismiss in Part Pursuant to Rule 12(b)(6) (doc. no. 36). After careful consideration of said motions and the briefs in support of partial dismissal, and plaintiff's response and memorandum in opposition to both motions, the Court will grant in part and deny in part the motions to dismiss.

## II. Motion to Dismiss Standards.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Ctr., Inc. v. Armstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). See also *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (*Twombly* 's "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil

rights actions and Rule 12(b)(6) review in general), cited with approval in *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("Today, we extend our holding in *Phillips* to the employment discrimination context. The plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination."); *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162 (3d Cir. 2008) (*Twombly* paradigm applies in context of breach of contract, negligence, and equitable indemnification action against merchant and against affiliate of bank that processed credit card transactions).

As explained and clarified by the United States Court of Appeals for the Third Circuit in the *Phillips* case:

> In determining how *Twombly* has changed [the Rule 12(b)(6)] standard, we start with what *Twombly* expressly leaves intact. The Supreme Court reaffirmed that Fed.R.Civ.P. 8 " 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' " and that this standard does not require "detailed factual allegations." *Twombly*, 127 S.Ct. at 1964 (quoting *Conley* [*v. Gibson*, 355 U.S. 31, 47 (1957)]. The Supreme Court also reaffirmed that, on a Rule 12(b)(6) motion, the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. See *id*. at 1964-65, 1969 n. 8. The Supreme Court did not address the point about drawing reasonable inferences in favor of the plaintiff, but we do not read its decision to undermine that principle.
>
> . . . First, . . . [t]he Court explained that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 1965 n. 3. Later, the Court referred to "the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.' " *Id*. at 1966. The Court further explained that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965 & n. 3.
>
> Second, the Supreme Court disavowed certain language that it had used

many times before -- the "no set of facts" language from *Conley*. See *id*. at 1968. It is clear that the "no set of facts" language may no longer be used as part of the Rule 12(b)(6) standard. As the Court instructed, "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. We find that these two aspects of the decision are intended to apply to the Rule 12(b)(6) standard in general. . . .

. . . [T]he *Twombly* decision focuses our attention on the "context" of the required short, plain statement. Context matters in notice pleading. Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. Indeed . . . , we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8. . . . Put another way, in light of *Twombly*, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief. We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. See *Twombly*, 127 S.Ct. at 1965 n. 3.

. . . The second important concept we take from the *Twombly* opinion is the rejection of *Conley*'s "no set of facts" language. The *Conley* language was problematic because, for example, it could be viewed as requiring judges to speculate about undisclosed facts. . . . After *Twombly*, it is no longer sufficient to allege mere elements of a cause of action; instead "a complaint must allege facts suggestive of [the proscribed] conduct." . . .

\* \* \*

Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and on showing that "the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 127 S.Ct. at 1964. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." . . .

5

*Phillips*, 515 F.3d at 231-234 (parallel and additional citations omitted).  See also *Budinsky v. Pennsylvania Dept. of Envt'l. Res.*, 819 F.2d 418, 421 (3d Cir. 1987) (in making this determination, the district court must construe the pleading in the light most favorable to the non-moving party) and *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (court will accept all factual allegations in complaint as true, but is not compelled to accept "unsupported conclusions and unwarranted inferences" or "a legal conclusion couched as a factual allegation").

Since the Federal Rules of Civil Procedure continue to require notice pleading, not fact pleading, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

**III.     Application.**

The Court will review the issues raised in defendants' motions to dismiss seriatim.

**A.     Official Capacity Claims.**

The Court agrees with defendants that the official capacity claims against the chief of police and the individual police officers are redundant of the claims against Baden Borough. While actions brought against a government official in his or her individual or personal capacity seek to impose liability on the government official for actions he takes under color of state law, official capacity actions represent another way to sue the municipality of which the officer is an

6

agent. See, e.g., *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988) (personal capacity damage suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law, whereas official capacity suits are duplicative of the claims against the municipality and "generally represent only another way of pleading an action against an entity of which an officer is an agent . . ."), citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n. 55 (1978); *Brice v. City of York*, 528 F.Supp. 2d 504, 516 n. 19 (M.D. Pa. 2007) (claims against state officials in their official capacities merge as a matter of law with the municipality that employs them), citing, *inter alia, Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brown v. Montgomery County*, 2005 WL 1283577 at *4 (E.D. Pa. 2005), citing *Graham*, 473 U.S. at 166; *Mitros v. Borough of Glenolden*, 170 F.Supp.2d 504, 506 (E.D.Pa. 2001) (suits brought against municipal officials in their official capacities are treated as suits brought against the governmental unit of which they are officials), citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Burton v. City of Philadelphia*, 121 F.Supp.2d 810 (E.D.Pa. 2000) (because claims against individual defendants in their official capacities are equivalent to claims against the governmental entity itself, they are redundant and may be dismissed).

While the redundancy does not necessarily require the Court to dismiss the unnecessary official capacity claims, see *Capresecco v. Jenkintown Borough*, 261 F.Supp.2d 319 (E.D. Pa. 2003) (claims against manager and chief in their official capacities would not be dismissed as redundant on ground that such claims were functionally same as claim against borough), the Court will exercise its discretion to dismiss the redundant official capacity claims against the individual defendants in this case because they are unnecessary clutter and are likely to be confusing to a jury called upon to sort out their official versus individual liability.

The official capacity claims against the police officers and the chief of police will, therefore, be dismissed.

B.   **Substantive and Procedural Due Process Claims.**

As plaintiff himself has characterized it, the crux of this lawsuit "is that he was subjected to a false arrest and malicious prosecution, which violated his rights under the First (retaliation for complaining about police harassment) and Fourth Amendments." Plaintiff's Response to Motions to Dismiss, at 4. Plaintiff concedes that his substantive due process claims are subsumed by his more specific, First and Fourth Amendment based claims, *id*., as the United States Supreme Court held in *Albright v. Oliver*, 510 U.S. 266 (1994).

However, plaintiff half-heartedly argues that perhaps his procedural due process claim is not subsumed by his First and Fourth Amendment based claims, stating as follows:

> However the Third Circuit has specifically held that the Supreme Court's holding with respect to preferring a Fourth Amendment analysis over that of a substantive due process analysis with respect to false arrest and/or malicious prosecution claims under section 1983, as announced in *Albright v. Oliver*, 510 U.S. 266,267-70, 114 S.Ct. 807, 815-16 (1994) does not preclude the consideration of other constitutional claims. In *Torres v. McLaughlin*, 163 F.3d 169 (3d Cir. 1998) the Third Circuit held that "contrary to the interpretation given by other courts of appeal, we do not read Albright to hold that a malicious prosecution claim can only be based in a Fourth Amendment violation. Accordingly, a section 1983 malicious prosecution claim may also include police conduct that violates the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution." *Id*. at 173. Thus it is premature to dismiss Plaintiff's procedural due process claim at this stage.

*Id*. at 5.

To state a claim under § 1983 for deprivation of procedural due process, a plaintiff must allege that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available to him

8

did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). Plaintiff does not even attempt to show how the available procedures failed to afford him due process of law. In fact, plaintiff alleges that the charges against him were dismissed, presumably by some component of the Pennsylvania criminal justice system. A state provides constitutionally adequate procedural due process when it provides reasonable post-deprivation remedies, *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir. 1995), overruled on other grounds sub nom, *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392 (3d Cir. 2003), and plaintiff does not identify or aver any actual deficiencies in Pennsylvania's criminal justice system that may have denied him procedural due process.

Moreover, as "the gravamen" of his lawsuit is so clearly premised on a First and/or Fourth Amendment violation based upon his alleged malicious prosecution and arrest without probable cause, the Court will dismiss the procedural due process claim along with the substantive due process claim. See *Merkle v. Upper Dublin School Dist.*, 211 F.3d 782, 792-93 (3d Cir. 2000).

### C. Ninth Amendment and Right to Privacy Claims.

Plaintiff alleges a violation of his constitutional right to privacy, especially when the matters relate to marriage, family relationships and child rearing. See *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001); *Paul P. by Laura L. v. Verniero*, 170 F.3d 396, 399 (3d Cir. 1999). Plaintiff appears to be arguing that defendant Olson improperly interfered with his parental relationship with his son by serving a complaint on plaintiff charging him with child abuse.

The Court agrees with defendants that the Ninth Amendment does not provide an independent basis for asserting a civil rights claim; rather, a section 1983 claim must be premised

9

on a specific constitutional guarantee. See *Griswold v. Connecticut*, 381 U.S. 479, 484 (1965); *Zeller v. Donegal Sch. Dist. Bd. of Ed.*, 517 F.2d 600, 605 n. 26 (3d Cir. 1975); *Leventry v. Watts*, 2007 WL 1469038 (W.D. Pa. 2007) (Ambrose, C.J.), citing *Soder v. Chenot*, 2007 WL 1098970 at *4 (M.D. Pa. 2007) ("[t]he Ninth Amendment does not independently secure any substantive constitutional rights, but rather has been interpreted to be a rule of construction. . . . A § 1983 civil rights claim premised on the Ninth Amendment fails because there are no constitutional rights secured by that amendment."). Any Ninth Amendment claims will therefore be dismissed.

        D.       **Possible Excessive Use of Force Claim.**

The Court agrees with plaintiff that he is not asserting an excessive use of force claim, constitutional or otherwise.

        E.       **Possible Negligence Claims, Supervisory Liability for Chief Colaizzi, and Malicious Prosecution.**

The Court agrees with plaintiff that, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, plaintiff has alleged sufficient facts that may, if proven, entitle him to relief on these claims. Therefore, the Court will deny the motions to dismiss these claims.

For the foregoing reasons, defendants' motions to dismiss are GRANTED IN PART; IT IS HEREBY ORDERED that plaintiff's claims against the individual police officers and chief in their official capacity are dismissed, along with all substantive and procedural due process and Ninth Amendment claims. Additionally,

IT IS FURTHER ORDERED that Baden Police Department is DISMISSED from this case, as plaintiff's Second Amended Complaint abandons any claims against that sub-unit of Baden Borough. Finally,

IT IS FURTHER ORDERED that defendants' motions to dismiss are otherwise DENIED.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc: All Registered ECF Counsel and Parties